IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CR No.: 3:14-667-JFA |
| | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| JAMEL JOROME PUGH | ) | |
| | ) | |

This matter is before the court on the defendant's *pro se* motion for a reduction in his sentence pursuant to the First Step Act of 2018[1] and 18 U.S.C. § 3582(c)(1)(A) (ECF No. 1403). Seeking compassionate release, the defendant states that he has been experiencing heavy breathing and does not feel that he is getting the appropriate medical attention at the Bureau of Prisons (BOP). He contends that this symptom, along with the threat of the ongoing COVID-19 pandemic, constitutes an extraordinary and compelling reason for consideration of his immediate release.

The government has responded in opposition, arguing that the defendant has not shown an extraordinary and compelling reason for release. Additionally, the government asserts that the statutory sentencing factors under 18 U.S.C. § 3553(a) do not weigh in favor of the defendant's release. The defendant did not reply to the government's response.

The court has carefully considered the record before it and conducted an individualized analysis of the facts and issues raised by the parties. For the reasons which follow, the defendant's motion is respectfully denied.

---

[1] Pub. L. 115-015 (S. 756), 132 Stat. 015 (Dec. 21, 2018).

1

STANDARD OF REVIEW

Ordinarily, a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); *See United States v. Chambers*, 956 F.3d 667, 671 (4th Cir. 2020); *United States v. Jackson*, 952 F.3d 492, 495 (4th Cir. 2020); *United States v. Martin*, 916 F.3d 389, 395 (4th Cir. 2019). But, "the rule of finality is subject to a few narrow exceptions." *Freeman v. United States*, 564 U.S. 522, 526 (2011). One such exception is when the modification is "expressly permitted by statute." 18 U.S.C. § 3582(c)(1)(B); *See Jackson*, 952 F.3d at 495.

Commonly termed the "compassionate release" provision, § 3582(c)(1)(A)(i) provides a statutory vehicle to modify a defendant's sentence. It was originally adopted as part of the Sentencing Reform Act of 1984.

On December 21, 2018, the First Step Act was signed into law. Broadly, the Act's goals are to reform federal prisons and sentencing laws to reduce recidivism, decrease the federal inmate population, and maintain public safety. The First Step Act also expanded the existing compassionate release provisions of federal law by allowing an inmate to move for compassionate release himself, rather than allowing only the Director of the Bureau of Prisons (BOP) to do so. The relevant portion of the First Step Act, codified at 18 U.S.C. § 3582(c)(1)(A), as amended by § 603(b) of the First Step Act, provides:

> [T]he court, . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the

>factors set forth in section 3553(a) [of Title 18] to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A).

By its terms, § 3582(c)(1)(A) permits the court to reduce the defendant's term of imprisonment after considering the factors set forth in 18 U.S.C. § 3553(a) if the court first finds that (i) extraordinary and compelling reasons warrant such a reduction; and (ii) such a reduction is consistent with applicable policy statements issued by the Sentencing Commission. In addition, a district court may not grant a sentence reduction under § 3582(c)(1)(A) without considering the § 3553 factors to the extent they are applicable. *United States v. Kibble*, 992 F.3d 326, 332 (4th Cir. 2021).

In *United States v. McCoy*, 981 F.3d 271 (4th Cir. 2020), the Fourth Circuit agreed with the Second Circuit in *United States v. Brooker*, 976 F.3d 228 (2d Cir. 2020) and found that there is, as of now, no "applicable policy statement governing compassionate release motions filed by defendants under the recently amended § 3582(c)(1)(A)." As a result, district courts are "empowered . . . to consider any extraordinary and compelling reason for release that a defendant might raise." *McCoy*, 981 F.3d at 284 (citing *Brooker*, 976 F.3d at 230); *see also, Kibble*, 992 F.3d at 331.

A defendant's rehabilitation standing alone does not provide sufficient grounds to warrant a sentence modification. 28 U.S.C. § 994(t). Also, the defendant bears the burden to establish that he or she is eligible for a sentence reduction. *United States v. Jones*,

3

836 F.3d 896, 899 (8th Cir. 2016).

When deciding whether to reduce a defendant's sentence under § 3582(c)(1)(A), a district court generally proceeds in three steps. *See United States v. High*, 997 F.3d 181, 185–86 (4th Cir. 2021). First, the court determines whether "extraordinary and compelling reasons" support a sentence reduction. Next, the court considers whether a sentence reduction is consistent with applicable policy statements issued by the Sentencing Commission. As noted previously in this order and as set out in *McCoy*, because there is no applicable policy statement governing compassionate release motions filed by defendants under the recently amended § 3582(c)(1)(A), district courts are empowered to consider any extraordinary and compelling reason for release that a defendant might raise. Finally, if the court finds that extraordinary and compelling reasons warrant relief, the court must consider the § 3553(a) factors in deciding whether to exercise its discretion to reduce the defendant's term of imprisonment.

Even if the defendant meets the eligibility criteria for compassionate release, this court retains discretion as to whether to grant relief. *See* 18 U.S.C. § 3582(c)(1)(A) (providing the court *may* reduce the term of imprisonment) (emphasis added).

*Exhaustion of Administrative Remedies*

Before a court may consider a defendant's motion for compassionate release, the defendant must have completed the initial step of requesting that the BOP bring a motion on their behalf. The defendant may file a motion with the court after (1) fully exhausting all administrative rights to appeal; or (2) after the lapse of 30 days from the receipt of such a

request by the warden of the defendant's facility, whichever is earlier. 18 U.S.C. § 3582(c)(1)(A). *See United States v. Muhammad*, 16 F.4th 126, 129 (4th Cir. 2021).

The government states that the although the defendant attached a copy of his written request to the Warden for compassionate release (dated October 10, 2020) to his motion, the BOP was unable to locate any such request. The government has elected not to invoke the exhaustion bar, but instead requests that the defendant's motion for compassionate release be denied on the merits. Thus, the court will proceed to review the matter on the merits.

## DISCUSSION

The mere existence of the COVID-19 pandemic—which poses a threat to every non-immune individual in the world—cannot independently provide a basis for a sentence reduction or justify compassionate release. However, COVID-19 is certainly relevant to the court's analysis of a § 3582(c)(1)(A) motion for compassionate release. If a defendant has a chronic medical condition that has been identified by the Centers for Disease Control (CDC) as elevating the inmate's risk of becoming seriously ill from COVID-19, it is possible that such medical condition could satisfy the extraordinary and compelling reasons standard. As the Third Circuit has held, "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release." *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020).

Rather, the threshold questions are whether the defendant has a particularized risk of contracting COVID-19 in prison and whether his or her medical conditions render them particularly susceptible to severe illness or death should he or she contract the virus.

5

*See United States v. Youngblood*, 858 Fed. Appx. 96, 98 (4th Cir. 2021) (citing *United States v. High*, 997 F.3d 181, 185 (4th Cir. 2021)).

*The Defendant's Motion for Compassionate Release*

In his motion (ECF No. 1403), the defendant seeks compassionate release on the ground of his "heavy breathing" for which he claims he has received only minimal medical attention. According to the BOP medical records provided by the defendant, the defendant was given chest x-rays which did not indicate any radiographic evidence for an acute cardiopulmonary process. A September 2020 examination noted that the defendant's lungs sounded clear with good air movement. The defendant was prescribed steroids. He was also provided an oxygen watch to monitor his oxygen levels. The government has not submitted any information to the court as to whether or not the defendant has been vaccinated for COVID-19.

The government submits that the defendant's alleged heavy breathing is not one of the conditions identified by the CDC as increasing a person's risk for developing serious illness from COVID-19. This court agrees.

The Presentence Report (PSR) (ECF No. 671), prepared in connection with the defendant's August 2015 sentencing, reveals the defendant's assertion at the time of sentencing that he was in good physical health and was not under the care of a physician nor was he taking any prescribed medication. (ECF No. 671 at ¶ 62).

On this record, the court concludes that the defendant has not shown an extraordinary and compelling reason for his immediate release from federal custody.

Moreover, even if the defendant had demonstrated an extraordinary and compelling reason for his release, the court would nevertheless be compelled to decline the request after a review of the defendant's individualized sentencing factors, his post-sentencing conduct, and all of the surrounding circumstances in this case. In support of this conclusion, the court will address the § 3553(a) factors in turn:

1. *Nature and Circumstances of the Offense.* The defendant was identified as a participant in a large drug trafficking conspiracy involving the acquisition and distribution of multi-ounce to multi-kilogram quantities of cocaine and crack cocaine throughout the Midlands area of South Carolina. Through the use of intercepted wiretap communications and information from cooperating witnesses, the defendant was determined to have obtained quantities of crack cocaine from co-defendants in this case which he distributed to others in the Columbia, South Carolina area.

The defendant was one of 21 defendants named in a 2-Count Superseding Indictment filed in the District of South Carolina on November 20, 2011.

The government filed an amended Information (ECF No. 266) notifying the defendant that he was subject to increased penalties based on four prior convictions.[2]

---

[2] October 1, 1999: Conviction for MDP, Drugs Sch I B, C, LSD and SCH II, Cocaine 1st x 2. Sentenced to 1 year. Arrest date: October 25, 1995. Sentenced to 3 years and $1000.00 upon 18 days and $500 balance suspended 30 months probation. Lexington County General Sessions Number 06GS3201523. 2. October 1, 1999: Conviction for Drugs, Manufacture, Distribute, Possess Schedule 1(b) & (c) and II. Sentenced to 3 Years and $1000.00 fine, suspended on 18 days in jail, a $500.00 fine, and 30 months probation. Lexington County General Sessions Number 96GS3201521. Arrest Date: March 1, 1996. 3. June 11, 2001: Conviction for Conviction for Drugs, Manufacture, Distribute, Possess Marijuana & Drugs, Manufacture, Distribute, Possess Other Schedule I, II, III. Sentenced to 8 years on each count. Lexington County General Sessions Numbers 00GS3202604 & 00GS3202605. Arrest Date: April 2, 2000. 4. June 11, 2001: Conviction for Manuf, Distrib, Etc, Ice/Crank/Crack Cocaine 2nd x 4; Trafficking in Cocaine>28G

The defendant pleaded guilty, pursuant to a written plea agreement (ECF No. 489), to Count 1 which charged him with the lesser included offense of Conspiracy to Possess with Intent to Distribute and Distribution of 28 Grams or More of Crack Cocaine 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), 846, and 851. For guideline sentencing purposes, he was held accountable for 575 grams of crack cocaine.

The Presentence Report (PSR) (ECF No. 671), calculated the defendant's total offense level at 34, with a criminal history category of VI. This yielded a Guidelines sentence of 262 to 327 months. Had the government not allowed the defendant to plead guilty to the lesser included offense of Count 1, the defendant would have faced a statutory mandatory minimum sentence of life imprisonment.

On August 18, 2015, the court adopted the PSR as modified, granted a one-level variance, and sentenced the defendant to 240 months imprisonment, to be followed by 8 years of supervised release. The defendant did not appeal his conviction or sentence.

On March 7, 2018, this court granted the government's motion and reduced the defendant's sentence to 168 months. The defendant's subsequent motion for relief pursuant to Amendment 782 of the U.S. Sentencing Guidelines was denied by this court.

The defendant has served approximately 89 months of his 168-month sentence and is currently scheduled to be released in October 2026. He is housed at FCI Yazoo City Low.

---

but<100G 2nd Offense. General Sessions Numbers 01GS3201600, 01GS3201601, 01GS3201603 and 01GS3201605; 01GS3201604. Sentenced to 8 years and $50,000.00, credit 11 days jail time. Arrest Date: March 8, 2001.

2. *History and Characteristics of the Defendant.* The PSR sets out in greater detail the defendant's characteristics, as well as any criminal history and prior convictions. The defendant is now 42 years old. He was raised by his mother and has four siblings. His brother was a co-defendant in this action. He advised that he suffered no abuse during his formative years and has a close relationship with his parents and siblings. He is married and has three children. The defendant completed the 10th grade of high school in Columbia, South Carolina. He has prior work experience at a construction company, and as a crane operator.

*Post Sentencing Conduct*

According to the BOP program review statement attached to the defendant's motion, he maintained clear conduct since his last review. The program review noted that the defendant also received good work reports or better. He is eligible for First Step Act time credit. His FSA recidivation score is HIGH.

Commendably, the defendant has taken more than 35 educational courses. He was unable to complete the ACE Personal Finance program due to COVID-19. He has completed drug education and is on the wait-list for NR-DAP.

Ms. L. McClary, Supervisor of Education at FCI Williamsburg, wrote a letter on December 10, 2020, noting that the defendant has enrolled and completed an array of programs since incarceration and that he obtained his GED in 2019. He works in the Education Department helping to instruct inmates in the Literacy Program. She also notes that he serves as a model inmate, and is dedicated to educating and rehabilitating himself.

9

The defendant states that if released, he will reside in West Columbia, South Carolina. He states that he currently has employment available when released.

3.  *Seriousness of the Crimes*.  As evidence by the historical facts set out in the PSR involving the defendant's instant conviction, this court regards the defendant's crime as very serious, fully supportive of a significant sentence.

4.  *Whether the Sentence Promotes Respect for the Law and Just Punishment for the Offense*.  The court finds a significant sentence is necessary to promote respect for the law and just punishment.

5.  *Whether the Sentence Affords Adequate Deterrence to Criminal Conduct*.  The court finds that a significant sentence is necessary to provide both general and specific deterrents.

6.  *Whether the Sentence Protects the Public from Future Crimes of the Defendant*. The court finds that a significant sentence is necessary to protect the public from future crimes of the defendant.  The court views this as an important factor to be addressed in considering the present motion.  This is perhaps one of the most important factors counseling against the defendant's immediate release.

7.  *Need to Avoid Unwarranted Disparity*. Compared with the culpability of similarly situated defendants, the defendant's imposed sentence was and is in line with statutory factors.

CONCLUSION

As noted earlier in this order, the court determines that the defendant has not demonstrated an extraordinary and compelling reason for compassionate release. Even so, the defendant's release at this time is not appropriate in light of this court's individualized assessment of the § 3553(a) factors, including the defendant's post-sentencing conduct discussed herein. The motion (ECF No. 1403) is respectfully denied.[3]

IT IS SO ORDERED.

March 23, 2022                                        Joseph F. Anderson, Jr.
Columbia, South Carolina                         United States District Judge

---

[3] To the extent that the defendant seeks to have this court direct the BOP to place the defendant in home confinement, this court is without authority to do so. The discretion to release a prisoner to home confinement lies solely with the Attorney General. See 18 U.S.C. § 3624(c)(2); 34 U.S.C. § 60541(g). The legislation recently passed by Congress to address the COVID-19 pandemic does not alter this. See CARES Act, Pub. L. No. 116-136, 134 Stat 281, 516 (2020) ("During the covered emergency period, if the Attorney General finds that emergency conditions will materially affect the functioning of the Bureau [of Prisons], the Director of the Bureau may lengthen the maximum amount of time for which the Director is authorized to place a prisoner in home confinement under the first sentence of section 3624(c)(2) of title 18, United States Code, as the Director determines appropriate.")